IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00229-MOC-WCM

| | |
|---|---|
| **NICOLE BIGGERSTAFF** *individually and as Administratrix of the Estate of Zachary Lambright*, <br><br> Plaintiff, <br><br> v. <br><br> **ANGELIA RENE SPENCER**, *in her individual and official capacities as detention officer of Haywood County, NC*, <br> **GREG CHRISTOPHER** *in his official capacity as Sheriff of Haywood County, North Carolina*, <br> **HAYWOOD COUNTY, NORTH CAROLINA**, <br> **JOHN/JANE DOE**, *any unnamed Defendants that may be revealed through discovery, in their individual and official capacities* <br><br> Defendants. | **ORDER** |

This matter is before the Court on Defendants' Motion to Seal (the "Motion," Doc. 21), by which Defendants seek leave to file decedent's medical records, cited in Defendants' briefing in support of their Motion for Summary Judgment, see Doc. 20-3 at 17, n. 6, under seal.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to

1

object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a).  To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority.  LCvR 6.1(c).

Here, the public has been provided with notice of the Motion to Seal as it has been pending on the docket since September 6, 2022. Further, Plaintiff's deadline to file a response to the Motion to Seal has passed, and Plaintiff has not indicated any objection to Defendants' request. Finally, Defendants have described the documents to be sealed and the arguments in support of the Motion.

The undersigned concludes, based on the information before the Court at this time, including the nature of the documents to be sealed and the purposes for which such documents will be submitted to the Court, that Defendants have made a sufficient showing. See e.g., Parsons v. Beaver, No.

5:18-cv-00164-MR, 2021 WL 75696 (W.D.N.C. Jan. 8, 2021) (granting defendants' request to seal plaintiff's medical records submitted in support of defendants' motion for summary judgment).

This ruling, however, may be subject to further consideration by the District Court in connection with its review of Defendants' Motion for Summary Judgment (Doc. 20) or at trial, or upon a subsequent motion to unseal the subject documents.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Seal (Doc. 21) is **GRANTED**, and Defendants are **GRANTED LEAVE** to file decedent's medical records under seal.

Signed: September 21, 2022

W. Carleton Metcalf
United States Magistrate Judge