IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00229-MOC-WCM

| | |
|---|---|
| NICOLE BIGGERSTAFF *individually* and as *Administratrix of the Estate of Zachary Lambright*, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )      ORDER |
| ANGELIA RENE SPENCER, *in her individual and official capacities as detention officer of Haywood County, NC*, GREG CHRISTOPHER *in his official capacity as Sheriff of Haywood County, North Carolina*, HAYWOOD COUNTY, NORTH CAROLINA, JOHN/JANE DOE, *any unnamed Defendants that may be revealed through discovery, in their individual and official capacities* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's "Motion for Discovery Conference with Magistrate" (the "Motion for Discovery Conference," Doc. 25).

On January 4, 2022, a Pretrial Order and Case Management Plan ("Pretrial Order") was entered and set various case deadlines, including a deadline of August 5, 2022 for the completion of court-enforceable discovery, a

1

deadline of August 23, 2022 for the completion of mediation, and a deadline of September 6, 2022 for the filing of dispositive motions. Doc. 11.

On August 19, 2022, the parties jointly requested that the mediation deadline be extended by 30 days or until September 22, 2022. That motion expressly stated that "[n]o other scheduling changes are requested." Doc. 17 at 1. The parties' request was allowed and the mediation deadline was extended to September 22, 2022. Doc. 19.

On September 6, 2022, Defendants filed a Motion for Summary Judgment. Doc. 20. The deadline for Plaintiff to respond to the Motion for Summary Judgment was September 20. However, Plaintiff did not file a response by that date.

On September 26, 2022, Plaintiff filed the Motion for Discovery Conference by which Plaintiff states that the "time frames anticipated by Plaintiff to perform discovery have changed due to various reasons," that the parties have not reached an agreement "on the discovery issues," and that Plaintiff is "unable to fully and fairly respond to the Defendants' Motion for Summary Judgment." Doc. 25 at 1-2.

The Pretrial Order directed that "a party shall, before filing a disputed motion for an order relating to discovery, request a conference with the magistrate judge." Doc. 11 at III (B). The focus of the dispute described by the Motion for Discovery Conference, however, is not a specific discovery issue of

2

the type that is typically handled in a discovery conference, but rather Plaintiff's contention that she requires additional discovery to respond to the Motion for Summary Judgment. Rule 56(d) of the Federal Rules of Civil Procedure addresses this situation and "permits a court to defer or deny a motion for summary judgment to allow additional discovery if the nonmovant declares 'it cannot present facts essential to justify its opposition.'" <u>Beverly v. Becerra</u>, No. 20-1724, 2022 WL 636626, at *2 (4th Cir. Mar. 4, 2022).

Further, the Motion for Discovery Conference is not timely as it was not filed during the period of court-enforceable discovery.

Accordingly, the Motion for Discovery Conference will be denied. Plaintiff remains free to file a motion pursuant to Rule 56(d), supported by an appropriate affidavit or declaration. Any such motion should also explain pursuant to Rule 6(b)(1)(B) why it was not filed prior to the expiration of Plaintiff's deadline for responding to the Motion for Summary Judgment.

**IT IS THEREFORE ORDERED THAT** Plaintiff's "Motion for Discovery Conference with Magistrate" (Doc. 25) is **DENIED**.

Signed: September 26, 2022

_____
W. Carleton Metcalf
United States Magistrate Judge